CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 0 9 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| EUSTACE C. MULLINS, | ) |
| | ) Civil Action No. 5:06CV00068 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| COMMONWEALTH OF VIRGINIA, | ) |
| DEMERST B. SMIT, | ) |
| Commissioner, | ) By: Hon. Glen E. Conrad |
| Virginia Department of Motor Vehicles | ) United States District Judge |
| | ) |
| Defendants. | ) |

This case was brought by Eustace Mullins against the Commonwealth of Virginia and the Commissioner of the Virginia Department of Motor Vehicles, Demerst B. Smit. The matter is currently before the court on the defendants' motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).

## Background

In a prior case, Mullins filed a complaint against the Commonwealth of Virginia, claiming that the defendant's failure to renew Mullins' driver's license was based on age discrimination.[1] See Mullins v. Smit, 2006 WL 1788561 (W.D. Va. 2006). This court read Mullins' complaint to implicate the due process clause of the U.S. Constitution. Id. The defendant filed a motion to dismiss in that case, pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). Id. Although a notice was sent to the plaintiff, as required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the plaintiff failed to respond within the fifteen-day limit. Id. The court subsequently granted the defendant's

---

[1] Demerst B. Smit was later added as a defendant.

motion to dismiss, stipulating that the dismissal was without prejudice and that the plaintiff could file a new complaint if he could allege facts to show how he was discriminated against. Id.

Mullins filed the complaint in this case on July 24, 2006. He alleged that the defendants violated his civil rights by refusing attempts to renew his Virginia driver's license, and that he suffered damages as a result of several encounters with the police. The plaintiff seeks $956,000,000 in damages. The defendants filed this motion to dismiss on August 14, 2006, and the plaintiff responded on September 12, 2006.

**Discussion**

The defendants' motion to dismiss is based upon several grounds. First, the defendants claim that service of process did not comply with Rule 12(b)(4) and (b)(5), because the complaint was improperly served. The defendants also assert that the complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

After consideration of all materials submitted to the court, the court concludes that the plaintiff has failed to state a claim upon which relief can be granted.[2] Pro se complaints must be liberally construed by the court. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Even by this standard, however, the plaintiff fails to state any cognizable claim.

First, the plaintiff appears to claim that the denial of his driver's license has abridged his civil rights. In response, the court notes that although a driver's license is a property right, the right to drive is not a fundamental, constitutional right. See Montgomery v. N.C. Dep't of Motor Vehicles, 455 F. Supp. 338, 342 (W.D.N.C. 1978)

---

[2]The court therefore finds it unnecessary to reach the other issues cited by the defendant, and does not address whether the plaintiff's service of process was sufficient.

2

(citing Wells v. Malloy, 402 F. Supp. 856, 858 (D. Vt. 1975)). Furthermore, Mullins has still not alleged any facts which demonstrate that the denial of a driver's license was based on impermissible grounds. See, e.g., Mullins, 2006 WL 1788561. The only statute referenced by the plaintiff, 18 U.S.C. § 242, is a criminal statute and cannot create a private cause of action for damages. See Sullivan v. United States, 2004 WL 3362495 (E.D.N.C. 2004) (citing Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1984)). The plaintiff has therefore failed to a state claim in regards to the issue of his driver's license denial.

Next, the court liberally construes the plaintiff's claim for damages, suffered during the encounters the plaintiff characterizes as "police murder raids," to fall under 42 U.S.C. § 1983. The court concludes, however, that the plaintiff has failed to state a claim. The United States Supreme Court has explained that, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A state is not considered a "person" for the purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As to the remaining defendant, the plaintiff has not alleged that Smit was involved in the commission of what the plaintiff describes as unlawful police raids. Additionally, the plaintiff has failed to name any police officers who were involved in the raids. Therefore, even if the court liberally construes the plaintiff's complaint as a cause of action under 42 U.S.C. § 1983, the plaintiff has failed to include the proper defendants and has failed to state a cause of action.

The court also notes that the plaintiff's motion for redress, filed on October 24, 2006, fails to state a claim against the existing defendants in the case. If the plaintiff's

motion is construed as a conspiracy claim under § 1983, the claim must be dismissed for the reasons stated above.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss will be granted. The plaintiff's law suit will be dismissed without prejudice. All pending motions in this case will be dismissed as moot.

DATED this 9th day of January, 2007.

*/s/ Glen Conrad*
United States District Judge

4